# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

STEPHEN JAY ENGLISH,
        Plaintiff,

v.

(1) DONALD LEROY SHAFFER,
individually;
(2) MCS TRANSPORTATION, a
corporation;
(3) W.C. MCQUAIDE, INC., a corporation;
(4) CAROLINA CASUALTY INSURANCE
COMPANY, an insurance company;
(5) YORK INTERNATIONAL, a
corporation; and
(6) JOHNSON CONTROLS, a corporation,
        Defendants.

and

CONSTITUTION STATE SERVICES, as
Subrogee to Con-way, Inc.
        Plaintiff-Intervenor.

Case No. CIV-11-024-RAW

## ORDER

Before the court are the motions to remand pursuant to 28 U.S.C. §§ 1446 and 1447 by

Plaintiff, Steven Jay English, and Plaintiff-Intervenor, Constitution State Services [Docket Nos.

15 and 18].  Plaintiff and Plaintiff-Intervenor argue that the notice of removal by Defendants was

untimely, so remand is required.  Defendants argue that their notice of removal was timely.

Section 1446(b) provides in pertinent part: "If the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order, **or other paper**

from which it may first be ascertained that the case is one which is or has become removable . . .

." 28 U.S.C. § 1446(b).

The Tenth Circuit has stated that "[i]f the statute is going to run, the notice ought to be unequivocal.  It should not be one which may have a double design."  DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979).  "The plain purpose of the rule is, then, to permit the removal period to start only after the defendant is able to ascertain intelligently that the requisites of removability are present."  Id.  The thrust of the "unequivocal" notice requirement is that it "should not be an ambiguous statement that requires an extensive investigation to determine the truth."  Id. at 490.

The Tenth Circuit has further held that receipt of an actual written document is not required.  Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999).  In that case, "voluntary and unequivocal" deposition testimony "triggered the thirty-day period of removability."  Id. at 1079.  The deposition testimony qualified as an "other paper under § 1446(b)."  Id. at 1078.  The Tenth Circuit reasoned, "the date of receipt of a transcript may also be subject to manipulation.  Accordingly, the removal period commences with the giving of the testimony, not the receipt of the transcript."  Id.

In the case now before the court, Plaintiff-Intervenor filed its Petition in Intervention on March 5, 2010, which unequivocally stated: "The amount in controversy exceeds $75,000.00." At least as to the Plaintiff-Intervenor, then, Defendants had unequivocal notice on March 5, 2010, that the case was removable.

On November 23, 2010, Plaintiff filed its Response to Defendants' Motion to Dismiss, requesting permission to file a Second Amended Petition praying for damages in an amount in excess of $75,000.00.  Plaintiff attached its Second Amended Petition to its Response.  The court finds that Plaintiff's November 23, 2010 Response is an "other paper" from which it is

ascertainable that the case was removable.  The Response contains an unambiguous and

statement that the amount in controversy is in excess of $75,000.00.  This is unequivocal notice.

Accordingly, the Response triggered the thirty-day removal period.  Defendant's January 18,

2011 removal is untimely.  Accordingly, the motions to remand [Docket Nos. 15 and 18], are

hereby GRANTED.  This case is hereby remanded to the District Court for Seminole County,

State of Oklahoma.

IT IS SO ORDERED this 22ND  day of March, 2011.


Ronald A. White
United States District Judge
Eastern District of Oklahoma